COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


JOY FRANCES McFADIN DECKER
                                              OPINION BY
v.   Record No. 0105-95-3          JUDGE JAMES W. BENTON, JR.
                                             JUNE 11, 1996
JOHN G. DECKER


            FROM THE CIRCUIT COURT OF HENRY COUNTY
                   David V. Williams, Judge

          Harry F. Bosen, Jr. (Charles B. Phillips;
          Phillips & Swanson, on briefs), for
          appellant.

          James F. Stutts (James H. Ford; McGuire,
          Woods, Battle & Boothe, L.L.P., on brief),
          for appellee.


     More than two years after entry of a final decree of

divorce, the trial judge entered an order that purported to grant

John G. Decker credits for mortgage and tax payments he made for

property jointly owned with his former wife, Joy Frances McFadin

Decker.  Those payments began during the divorce proceeding and

continued as ordered in the final decree of divorce.  The wife

contends that the trial judge (1) did not have jurisdiction to

enter the order granting the credits because more than twenty-one

days had passed from entry of the final decree, (2) erred by

relying upon extrinsic evidence to prove the existence of a prior

order, (3) erred by granting the husband reimbursement for past

mortgage payments, interest, and taxes, and (4) erred in

terminating the husband's duty to pay temporary spousal support,

health insurance, and mortgage payments as of July 1994.  For the

reasons that follow, we reverse the trial judge's December 14, 1994 order and remand the case to the circuit court.

I.

The wife filed a bill of complaint for divorce in 1989. On January 25, 1990, the trial judge ordered the husband to pay pendente lite spousal support of $7,277.45 per month. The order permitted the husband to deduct from the monthly spousal support amount the payments he made for taxes on real estate occupied by the wife and for the wife's health insurance. After deductions for taxes and insurance, the husband paid the wife $6,818.72 per month.

> The pendente lite order also provided as follows:
> It further appearing to the Court that [the husband] . . . will, voluntarily and timely, pay all mortgage payments on jointly-owned real estate . . . which become due . . . prior to an equitable distribution hearing . . . , it is ORDERED that a formal Order directing the [husband] to make these payments is not necessary at this time, provided the [husband] continues to pay same accordingly.

When the trial judge entered the pendente lite order, the wife resided in the jointly titled Water's Edge residence, one of the properties for which the husband agreed to pay the mortgage. Following the equitable distribution hearing, the commissioner in chancery recommended that the Water's Edge residence be transferred to the wife.

Before entry of the final decree, the husband informed the wife that he intended to pursue a claim that he should receive

credit for principal payments made on the mortgages for the Water's Edge residence and the other real estate transferred to her. The final decree of divorce was entered on June 30, 1992, and awarded the wife the Water's Edge residence. The final decree also ordered that the residence be transferred to the wife within ninety days and ordered that the husband "continue as previously ordered . . . to pay the mortgages and liens (including interest as due and payable), taxes and insurance premiums related to the jointly held real estate until the transfer of jointly held real estate . . . is effectuated and until the payment of the monetary award Ordered herein has been made in full." The final decree further ordered "that the pendente lite spousal support order and order for payment of . . . health insurance . . . currently in effect shall remain in effect until the end of the calendar month in which the monetary award granted to the [wife] is paid in full by the [husband]."

Following entry of the final decree, the trial judge held a hearing by telephone on July 13, 1992, to consider the husband's claim for credits. However, the trial judge did not enter an order suspending or vacating the final decree or otherwise memorializing any rulings made at the hearing. The record contains no transcript of the hearing.

The husband appealed to this Court from the June 30, 1992, final decree of divorce. See Decker v. Decker, 17 Va. App. 12, 435 S.E.2d 407 (1993). That appeal, which affirmed the rulings

contained in the final decree, did not involve any issues concerning the husband's claim for credits.  See id.

After this Court affirmed the final decree, the husband paid the monetary award on July 1, 1994, less deductions for credits that he claimed.  At the wife's motion, the trial judge considered the propriety of the husband's deductions for credits and ruled by order entered December 14, 1994, as follows:

> 1.  That the [husband] is entitled to 100% credit for any principal payments made by him after the date of the telephone hearing of July 13, 1992 toward the Water's Edge mortgage encumbering Lots 130-133, which lots were heretofore awarded to the [wife] by this Court's Decree of June 30, 1992.
>
> 2.  That the [husband] is entitled to credit for any interest payments he has made on the aforesaid Water's Edge real estate mortgage on and after September 9, 1991.
>
> 3.  That the [husband] is entitled to a credit of $6,000.00 in real estate taxes he paid on the aforesaid Water's Edge real estate since the date of September 9, 1991.
>
> 4.  That the [husband] owes the [wife] the sum of $6,846.22 in spousal support for the month of July, 1994, and the sum of $442.90 as and for the [wife's] July, 1994, health insurance, since his payment of the monetary award was not made until July 1, 1994 and since the [husband] withheld the aforesaid health insurance payment due and payable in June of 1994.
>
> 5.  That the [husband] is not entitled to credit for the interest he paid on the monetary award at rate of 9%.

## II.

Relying upon Rule 1:1, the wife argues that the trial judge

lacked jurisdiction to enter the order of December 14, 1994,
because more than twenty-one days elapsed from entry of the final
decree. Citing an unpublished opinion from this Court and Erlich
v. Hendrick Construction Co., 217 Va. 108, 225 S.E.2d 665 (1976),
the husband argues that the December 14, 1994, order was issued
pursuant to the trial judge's continuing jurisdiction to enforce
the terms of its final decree.

> Rule 1:1 provides as follows:
> All final judgments, orders, and decrees
> . . . shall remain under the control of the
> trial court and subject to be modified,
> vacated, or suspended for twenty-one days
> after the date of entry, and no longer
> . . . . The date of entry of any final
> judgment, order, or decree shall be the date
> the judgment, order, or decree is signed by
> the trial judge.

The Supreme Court has ruled that "[a]t the expiration of that 21-
day period, the trial court loses jurisdiction to disturb a final
judgment, order, or decree except for the limited authority
conferred by Code § 8.01-428." School Bd. of Lynchburg v.
Caudill Rowlett Scott, Inc., 237 Va. 550, 554, 379 S.E.2d 319,
321 (1989). In so ruling, the Supreme Court further explained
the manner in which Rule 1:1 may be tolled.

> Neither the filing of post-trial or post-
> judgment motions, nor the court's taking such
> motions under consideration, nor the pendency
> of such motions on the twenty-first day after
> final judgment, is sufficient to toll or
> extend the running of the 21-day period
> prescribed by Rule 1:1 or the 30-day period
> prescribed by Rule 5:9. The running of time
> under those rules may be interrupted only by
> the entry, within the 21-day period after
> final judgment, of an order suspending or

vacating the final order.

Id. at 556, 379 S.E.2d at 323 (citation omitted).

Without explanation or qualification, the final decree of divorce in this case specifically ordered "that the pendente lite spousal support order and order for payment of the [wife's] . . . health insurance coverage and non-covered medical costs currently in effect shall remain in effect until the end of the calendar month in which the monetary award granted to the [wife] is paid in full by the [husband]."  In addition, the final decree "further ordered [the husband] to continue as previously ordered . . . to pay the mortgages and liens (including interest as due and payable), taxes and insurance premiums related to the jointly held real estate [, including the Water's Edge residence,] until the transfer of jointly held real estate . . . is effectuated and until the payment of the monetary award ordered herein has been made in full."  Thus, until the husband paid the monetary award and transferred the Water's Edge residence to the wife, he was not relieved of his obligation to fully pay the amounts explicitly ordered in the final decree.

After entry of the final decree, the husband sought to have the trial judge resolve his claim for a credit for the principal payments he made on the Water's Edge mortgage.  The record does not suggest that the husband had previously sought a ruling on that issue.  Although the trial judge held a hearing by telephone within twenty-one days of entry of the final decree, the record

does not reflect that a ruling was made or that the decree was suspended or vacated.  See Caudill Rowlett Scott, Inc., 237 Va. at 556, 379 S.E.2d at 323.  Obviously, the final decree of divorce "was not modified by [anything said during] the telephone conference . . . because a court may speak only through its written orders."  Clephas v. Clephas, 1 Va. App. 209, 211, 336 S.E.2d 897, 899 (1985).  A judgment is not entered "when [a trial judge orally] rules on a motion or directs counsel to prepare an order."  Id.

The facts in Clephas are analogous to the circumstances of this case.  The trial judge issued a judgment in September ordering Clephas to pay his wife support arrears.  On the twenty-first day after the judgment was rendered, the trial judge held a telephone hearing.  1 Va. App. at 211, 336 S.E.2d at 898.  During that hearing, the judge announced that he was changing certain portions of his decision, and he entered a supplemental order ten days later.  Id. at 210-11, 336 S.E.2d at 898.

On appeal, this Court held that the second order was invalid:

> The September order was not modified by the telephone conference on October 3 because a court may speak only through its written orders. . . .  A judgment occurs when a court directs the clerk to enter it on the court's order book, not when the court rules on a motion or directs counsel to prepare an order. . . .
>
> The September order was not modified by the October order since it could only be modified within twenty-one days after its entry.  Rule 1:1.

Id. at 211-12, 336 S.E.2d at 899 (citations omitted).

In this case, the order in which the trial judge ruled that the husband was entitled to a credit was entered December 14, 1994 -- more than two years after entry of the final decree. In the absence of an exception to Rule 1:1, the trial judge lost jurisdiction over the case twenty-one days after the initial judgment, and he could not issue a valid modification order.

"Generally, a court has 'the inherent power, based upon any competent evidence, to amend the record at any time, when "the justice and truth of the case requires it" so as to cause its acts and proceedings to be set forth correctly.'" Dixon v. Pugh, 244 Va. 539, 542, 423 S.E.2d 169, 171 (1992) (citations omitted). Moreover, by statute, "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order." Code § 8.01-428(B). Nothing in this record, however, establishes either of these exceptions.

"The power to amend should not be confounded with the power to create." Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956). When the trial judge entered the order on December 14, 1994, he ruled in a manner inconsistent with the final decree and varied the terms of the final decree. No evidence in this record established that prior to entry of the

final decree the trial judge had ruled that the husband's mortgage payments could be claimed as credits and deducted from the monetary award. The trial judge's ruling after the final decree had become a final judgment could not create that which in fact had not occurred.

In addition, the Supreme Court has held that Code § 8.01-428(B), which contains limited exceptions to Rule 1:1, "has no application to errors in the reasoning and conclusions of the court about contested matters." Safety Motor Transit Corp. v. Cunningham, 161 Va. 356, 364, 171 S.E. 432, 435 (1933). The trial judge may modify its orders only "in the rare situation where the evidence clearly supports the conclusion that an error covered by Code § 8.01-428(B) has been made." Dorn v. Dorn, 222 Va. 288, 292, 279 S.E.2d 393, 395 (1981). This record supports no such conclusion.

Citing Code § 20-107.3(K), the husband argues that the trial judge "has continuing jurisdiction 'to make any additional orders necessary to effectuate and enforce any order' entered pursuant to Virginia's equitable distribution statute." However, as the Supreme Court stated in Dixon, the trial judge could not avoid the bar of Rule 1:1 and rule on a substantive, contested issue that was encompassed by the terms of the final decree. 244 Va. at 543, 423 S.E.2d at 171; see Toomey v. Toomey, 251 Va. 168, 171, 465 S.E.2d 838, 839-40 (1996). The December 14, 1994 order did not effectuate and enforce any ruling that the trial judge

made when he had jurisdiction over the case.[1]

We find unpersuasive the husband's reliance upon an unpublished opinion from this Court in which a party successfully appealed from a final decree. In that case, the trial judge failed to order in the final decree that the party was entitled to credits for mortgage payments. Unlike this case, the party appealed from the final judgment and raised as an issue that omission. The husband in this case appealed from the final order in 1992, see Decker, 17 Va. App. at 12, 435 S.E.2d at 407, but did not raise in that appeal the issue of credits.

The husband's reliance upon the following language in Erlich also is not persuasive: "'it [is] well settled that, when a court of equity has once acquired jurisdiction of a cause upon equitable grounds, it may go on to a complete adjudication, even to the extent of establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its

---

[1]The record contains no indication that prior to final judgment the trial judge considered and ruled upon the husband's claim that the mortgage payments were not in the nature of spousal support. The husband argues that the payments were made to preserve the jointly owned property and that equitably he was entitled to a credit for the benefit that inured to the wife.

The wife argues that based upon the clear and explicit language in the pendente lite order and the final decree, the payments were in the nature of spousal support. She argues that the final decree explicitly continued as spousal support the monthly payments she was receiving from the husband and the payments the husband made for taxes and mortgage debt service on the property that the wife was occupying. No evidence in the record established that the trial judge ruled that those payments were not in the nature of spousal support or otherwise ruled that the husband was entitled to credits.

authority.'" 217 Va. at 115, 225 S.E.2d at 670 (citation omitted). This principle does not permit the trial judge to act upon a substantive issue after entry of a final order. Rule 1:1 bars such an act.

For these reasons, we hold that the trial judge lacked jurisdiction to enter his order of December 14, 1994. Consequently, we need only address the further issue of whether the trial judge erred in terminating as of July 1994 the husband's obligation to pay spousal support, health insurance, and mortgage payments on the Water's Edge property.

The final decree of divorce required the husband to make those payments "until the transfer of jointly held real estate . . . is effectuated and until the payment of the monetary award Ordered herein has been made in full." In view of our holding in this case and the evidence in the record that the property was apparently not transferred until August 1994, we remand this issue to the trial judge for reconsideration.

Accordingly, we reverse the ruling, vacate the order, and remand the case to the circuit court.

<u>Reversed, vacated, and remanded</u>.