COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


MATRIX MECHANICAL CORPORATION

v.        Record No. 2068-96-4

WILLIAM C. HARRISON
and
EVELYN G. HARRISON
                                MEMORANDUM OPINION[*] BY
-and-                           JUDGE JERE M. H. WILLIS, JR.
                                    MARCH 25, 1997
JIMMIE D. MITCHELL

v.        Record No. 2069-96-4

WILLIAM C. HARRISON
and
EVELYN G. HARRISON


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Gerald Bruce Lee, Judge
                    J. Howe Brown, Jr., Judge

            Stephen H. Moriarty (Chadwick, Washington,
            Olters, Moriarty & Lynn, P.C., on briefs),
            for appellant Matrix Mechanical Corporation.

            James V. Irving (Ritzert & Leyton, P.C., on
            briefs), for appellant Jimmie D. Mitchell.

            Claude D. Convisser (Joseph D. Morrissey;
            Morrissey, Hershner & Jacobs, on briefs),
            for appellees.


    In these consolidated appeals, Matrix Mechanical Corporation

(Matrix) and Jimmie D. Mitchell contend that the trial court

erred in finding them in contempt of court.  Because we conclude

that the evidence failed to prove contempt of court, we reverse

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the judgment of the trial court and dismiss contempt proceedings. We need not address the other issues raised on appeal.

## I.

In December, 1994, Mitchell "obtained" executed, undelivered deeds to two properties.  He recorded the deeds, and, thereafter, conveyed the properties to Matrix.  In February, 1995, William C. Harrison and Evelyn G. Harrison filed a bill of complaint against Matrix and Mitchell, seeking the return of the real estate.

On May 10, 1995, by agreement of the parties, the trial court entered an "Order of Dismissal with Prejudice."  As it pertains to this appeal, the May 10, 1995 order provides:

> ORDERED, that Matrix Mechanical Corporation shall execute special warranty deeds within five business days after entry of this order, to convey the property located at Adrienne Drive, which is the subject of this action, to Evelyn G. Harrison, femme sole;
> ORDERED, upon conveyance of the Adrienne Drive property, William C. Harrison will pay to Matrix Mechanical Corporation, all costs which they expended in the acquisition, and maintenance of the Adrienne Drive property.

On May 30, 1995, the Harrisons moved that Matrix and Mitchell be ordered to show cause why they should not be held in contempt of court due to "the fact that more than five (5) business days have elapsed since entry of the order, [and] the properties have not been conveyed to Evelyn G. Harrison."

## II.

"In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the

- 2 -

trial court." <u>Alexander v. Alexander</u>, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted). Once the movant proves failure to comply, the burden is upon the defendant to prove that the offending action or inaction was justified. <u>Id.</u> Therefore, we must determine first whether the trial court erred in finding that the Harrisons proved that Matrix and Mitchell had failed to comply with the trial court's May 10, 1995 order.

### III.

On November 9, 1995, the trial court conducted an <u>ore</u> <u>tenus</u> hearing on the Harrisons' motion to show cause. The evidence proved that Matrix failed to deliver executed deeds conveying the Adrienne Drive property to Ms. Harrison within five business days after the May 10, 1995 order. Thomas P. Gorman, Matrix's original attorney, testified that he withheld delivery of the deeds because the Harrisons refused to pay the costs associated with the acquisition and maintenance of the property. He contended that the May 10, 1995 order contemplated a reciprocal and contemporaneous exchange of the deeds to Ms. Harrison and payment of Matrix's associated costs. Because the parties could not agree on the amount to be paid Matrix for acquisition and maintenance costs, he withheld delivery of the executed deeds pending resolution of that dispute.

The trial court concluded that Matrix's failure to deliver the deeds constituted contempt of court, and awarded the Harrisons damages and attorneys' fees. In reviewing the May 10,

1995 order, the trial court found that: "[T]he term 'upon conveyance' creates a condition precedent, that condition precedent being that Matrix comply with the preceding order and deliver warranty deeds within five days after entry of the order."

At the November 9, 1995 hearing, the trial court dismissed Mitchell from the contempt proceedings. In the Harrisons' original bill of complaint, they alleged that Matrix was the alter ego of Mitchell. The trial court held that the May 10, 1995 order, dismissing the Harrisons' bill of complaint with prejudice, resolved against the Harrisons the question whether Matrix was the alter ego of Mitchell.

On March 28, 1996, the trial court considered the Harrisons' motion to reconsider Mitchell's dismissal from the contempt proceedings. Disregarding its prior holding, the trial court ruled that: "Matrix's contempt is due to the actions and inactions of Mr. Mitchell personally . . . ." Accordingly, the trial court found Mitchell in contempt, held him jointly and severally liable for the award entered against Matrix, and ordered that he pay additional damages to the Harrisons.

## IV.

At issue in this case is the trial court's holding that the May 10, 1995 order required the delivery of executed deeds to Ms. Harrison within five business days. "[A] court may speak only through its written orders," Clephas v. Clephas, 1 Va. App. 209,

211, 336 S.E.2d 897, 899 (1985). When a court reviews ambiguous provisions in an order or decree, the rules of construction require that primary consideration "be given to an interpretation which would support the facts and law of the case in order to avoid a result that will do violence to either." Parrillo v. Parrillo, 1 Va. App. 226, 230, 336 S.E.2d 23, 25 (1985) (citing 46 Am. Jur. 2d Judgments §§ 72-76 (1969); 11A Michie's Jurisprudence Judgments and Decrees § 5 (Repl. vol. 1978)). Moreover, such an interpretation is a question of law, to be construed like other written instruments, and read in connection with the entire record. See 46 Am. Jur. 2d Judgments §§ 93-97 (2d ed. 1994).

Under well-established legal principles, the "executed deed" and "delivery" are mutually exclusive elements in the conveyance of real property. See e.g., Minor, The Law of Real Property, §§ 1030, 1065 (2d ed. Frederick D. G. Ribble 1928). Thus, "[a] deed does not become operative until it is delivered with the intent that it shall become effectual as a conveyance." Leftwich v. Early, 115 Va. 323, 328, 79 S.E. 384, 386 (1913) (emphasis added). Indeed:

> The term "execution" of a deed connotes all acts which are necessary to the operativeness of the instrument, including signing, sealing when necessary, attestation and acknowledgement when required by statute, and delivery to the grantee or to someone in his behalf. Nevertheless, a deed is often said to be executed, using the word in a sense excluding delivery; and it is convenient and in accordance with standard practice to treat of signing, sealing, and

attesting separately from delivery.

23 Am. Jur. 2d Deeds § 105 (1983) (footnotes omitted) (emphasis added).

The May 10, 1995 order specifically required Matrix to execute the deeds within five days.  It did not require delivery.  Thus, Matrix was not required to deliver the executed deeds to Ms. Harrison within five business days.  While the trial court opined that the provision requiring Matrix to execute deeds in five days was meaningless without delivery, the language of the order contains no ambiguity in this regard.  Matrix was required to execute the deeds within five business days.  Matrix and the Harrisons were then obliged to deliver the deeds and pay the acquisition and maintenance costs, respectively.  While execution of the deeds was a necessary prerequisite to delivery, the May 10, 1995 order set forth no requirement that Matrix make delivery within five business days.  That precision is the watchword of legal drafting is understated by our rule that legal words are to be understood according to their legal meanings. Smith v. Smith, 15 Va. App. 371, 374, 423 S.E.2d 851, 853 (1992).

Because neither Matrix nor Mitchell was required to deliver the deeds within five days, the trial court erred in holding that Matrix and Mitchell had failed to comply with the May 10, 1995 court order.

The judgment of the trial court is reversed, and the contempt proceedings are dismissed.

<u>Reversed and dismissed</u>.