COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


DEBRA PATTERSON
                                    MEMORANDUM OPINION* BY
v.   Record No. 1232-00-4      JUDGE JEAN HARRISON CLEMENTS
                                        MARCH 20, 2001
FAUQUIER COUNTY DEPARTMENT OF
 SOCIAL SERVICES


           FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 William Shore Robertson, Judge

          Robin C. Gulick (Robin C. Gulick, P.C., on
          brief), for appellant.

          Julia S. Savage (Walker, Jones, Lawrence,
          Duggan & Savage, on brief), for appellee.


     Debra Patterson appealed the termination of her residual

parental rights to her son by the juvenile and domestic relations

district court.  Prior to a trial de novo, the circuit court

entered a final order dismissing the appeal and remanding the case

to the juvenile and domestic relations district court.  More than

twenty-one days after entry of that order, the circuit court

entered an order denying Patterson's motion to enter a nunc pro

tunc order and to reinstate the case to the court's active docket,

ruling that, absent a showing of fraud, it no longer had

jurisdiction over the case.  This appeal followed.  Patterson

─────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

contends the trial court erred (1) in ruling that, without a showing of fraud, it was without jurisdiction to enter a nunc pro tunc order more than twenty-one days after a final order and (2) in failing to correct an obvious clerical error pursuant to Code § 8.01-428(B). We agree and reverse and remand for the reasons that follow.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts necessary to a disposition of this appeal. "[W]e review the trial court's statutory interpretations and legal conclusions de novo." Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998).

Patterson asserts that entry of an order nunc pro tunc denying the Department's motion to dismiss the appeal more than twenty-one days after the final order was entered was permissible under Code § 8.01-428(B) or pursuant to the court's inherent power to amend clerical errors to correct the obvious clerical error in this case. The Department of Social Services argues that, because the trial court lost jurisdiction of the case under Rule 1:1 once twenty-one days had passed after entry of the final order, the court was without jurisdiction to enter an order nunc pro tunc or otherwise reinstate the case on the court's docket. Moreover, the Department continues, Code § 8.01-428(B) and the court's inherent power to amend clerical errors do not apply here because no clerical error was committed in this case.

-

Rule 1:1 provides, in pertinent part, that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

Here, the order entered August 6, 1999, correctly recited the trial court's rulings from the May 18, 1999 hearing. It dismissed the appeal of the decision of the juvenile and domestic relations court and remanded the case back to that court. By its terms the order was a final order. It was not modified, vacated, or suspended by the trial court within twenty-one days after its entry.

> "Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the period prescribed by Rule 1:1 . . . . The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order."

Davis v. Mullins, 251 Va. 141, 148-49, 466 S.E.2d 90, 94 (1996) (omission and alteration in original) (quoting School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (citations omitted)).

Accordingly, the order became final on August 27, 1999. Under Rule 1:1, the trial court was divested of jurisdiction after that date. Thereafter, no action could be taken by the court to

-

alter or vacate that order "unless one of the limited exceptions to the preclusive effect of Rule 1:1 applies." Id. at 149, 466 S.E.2d at 94.

"One such exception is provided by Code § 8.01-428(B) which permits the trial court to correct at any time '[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission.'" Id. (alteration in original) (quoting Code § 8.01-428(B)). Furthermore, "[a]lthough divested of jurisdiction, a 'trial court has the inherent power, independent of statutory authority, to correct errors in the record so as to cause its acts and proceedings to be set forth correctly.'" Myers v. Commonwealth, 26 Va. App. 544, 547, 496 S.E.2d 80, 82 (1998) (quoting Davis, 251 Va. at 149, 466 S.E.2d at 94). This power may be exercised at any time to amend the record, based on any competent evidence, "'when the justice and truth of the case require it.'" Netzer v. Reynolds, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986) (quoting Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)).

However, as the Supreme Court noted in Council, "the power to amend should not be confounded with the power to create. While the power is inherent in the court, it is restricted to placing upon the record evidence of judicial action which has actually been taken, and presupposes action taken at the proper time." 198 Va. at 292, 94 S.E.2d at 248 (citation omitted). Similarly, the

-

statutory power granted by Code § 8.01-428 is to be narrowly construed and applied. McEwen Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987).

> To permit a trial court, either under the statute or by its inherent power, to consider at any time what judgment it might have rendered while it still retained jurisdiction over a case and then to enter that judgment nunc pro tunc would render meaningless the mandate of Rule 1:1 and would do great harm to the certainty and stability that the finality of judgments brings.

Davis, 251 Va. at 150, 466 S.E.2d at 94.

Thus, an order entered nunc pro tunc cannot create a fiction to antedate the actual occurrence of an act or event or to represent in the record an event or action that never occurred or existed. Council, 198 Va. at 293, 94 S.E.2d at 248. Rather, the power of the trial court to amend by nunc pro tunc order is restricted to correcting mistakes of the clerk or other court officials, see id., and "placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record," Holley v. City of Newport News, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988).

We held, for example, in Decker v. Decker, 22 Va. App. 486, 471 S.E.2d 775 (1996), that a correction may not be used after an order has become final to reflect a ruling that was not made before the final order was entered. Id. at 494-95, 471 S.E.2d at 779. We also noted in Decker that Code § 8.01-428(B) "'has no application to errors in the reasoning and conclusions of the

-

court about contested matters.'" Id. at 495, 471 S.E.2d at 779 (quoting Safety Motor Transit Corp. v. Cunningham, 161 Va. 356, 364, 171 S.E. 432, 435 (1933)). Similarly, a correction that would require reacquisition by the trial court of jurisdiction over the underlying subject matter is barred by Rule 1:1. Myers, 26 Va. App. at 548, 496 S.E.2d at 82. "The trial judge may modify its orders only 'in the rare situation where the evidence clearly supports the conclusion that an error covered by Code § 8.01-428(B) has been made.'" Decker, 22 Va. App. at 495, 471 S.E.2d at 779 (quoting Dorn v. Dorn, 222 Va. 288, 292, 279 S.E.2d 393, 395 (1981)).

It is clear from the uncontroverted record before us that the omitted judicial action that Patterson sought to have placed on the record nunc pro tunc occurred before the final order was entered. The trial court ruled on July 20, 1999, at the rehearing on the Department's motion to dismiss the appeal, that the motion to dismiss was denied and that the case was continued on the court's docket to its originally set date of October 29, 1999, for a trial de novo on the merits. However, those rulings were inadvertently omitted from the record when, despite the court's instruction to do so, Patterson's counsel failed to prepare and submit for entry an order reflecting those rulings. Ironically, though, shortly after the July 20, 1999 rehearing, an endorsed order reflecting the court's rulings from the first hearing on the motion to dismiss was submitted by counsel for the stated purpose

-

of completing the file.  The trial judge, noting it was fully endorsed, entered that order pro forma on August 6, 1999. Twenty-one days later, the order was final.

Unaware that the appeal had been dismissed and the case remanded to the lower court by a final order, Patterson and the Department continued their trial preparations.  On October 7, 1999, Patterson learned from the Department that the appeal had been dismissed and subsequently filed her motion for entry of an order nunc pro tunc.

Plainly, the court's rulings on July 20, 1999 constituted appropriate judicial action taken at the proper time, while the trial court had jurisdiction.  There being satisfactory evidence of the actual and timely action by the trial court and of that action's inadvertent omission from the record because no order reflecting that action was entered, the question then becomes whether the failure to enter a timely order because counsel failed to prepare and submit the order is a "clerical error" within the meaning of the rule allowing a nunc pro tunc entry.  The resolution of this question is controlled, we believe, by Harris v. Commonwealth, 222 Va. 205, 279 S.E.2d 395 (1981), the facts of which are analogous to this case.

In Harris, the juvenile defendant was charged with rape and abduction.  Following the juvenile and domestic relations district court's denial of the Commonwealth's motion to transfer jurisdiction to the circuit court, the Commonwealth sought removal

-

of the case to the circuit court under Code § 16.1-269(E). Pursuant to that statute, the papers in the case were forwarded to the circuit court for a decision regarding the certification of the juvenile. The trial judge rendered a decision by letter thirteen days thereafter, on September 18, 1979, ruling that the defendant should be certified. He instructed the Commonwealth's attorney to prepare an order. No order was presented or entered within twenty-one days after receipt of the case in the trial court as required by Code § 16.1-269(E).

At trial, on March 5, 1980, another trial judge discovered that no order certifying the juvenile defendant had been entered. The judge declared a mistrial and remanded the case to the juvenile and domestic relations district court. Two days later the Commonwealth filed a motion for an order nunc pro tunc to memorialize the first trial judge's ruling granting a transfer of the case to the circuit court. On March 13, 1980, the trial court entered two orders, one, entered nunc pro tunc to September 18, 1979, certifying the defendant for trial as an adult and the other setting aside the order of remand.

Harris argued on appeal that the trial court never acquired jurisdiction because the order authorizing certification was not entered within the mandatory twenty-one-day period. He contended that a nunc pro tunc order was being used to show what the court should have done, rather than what was actually done.

-

The Supreme Court disagreed. It found that "appropriate judicial action was actually taken at the proper time" and held that the failure to enter a timely order was clerical error. Id. at 210, 279 S.E.2d at 398. As the Court noted:

> The clerical mistakes which may be corrected under the court's inherent power encompass errors made by other officers of the court including attorneys. Here, the failure to enter a timely order was due to attorney error. . . . Manifestly, the nonentry of a timely order was caused by the prosecutor's failure to follow directions.

Id. at 210, 279 S.E.2d at 398-99 (citation omitted).

Likewise, the failure to enter a timely order was due to attorney error in the present case. We find, therefore, that the failure to enter a timely order in this case was clerical error. As a result of that clerical error, the record does not fully or accurately set forth the appropriate rulings of the trial court, as the justice and truth of the case require. The evidence clearly supports the conclusion that the clerical error may and should be corrected so as to cause the trial court's rulings to be set forth correctly in the record.

Accordingly, we hold that the trial court erred in failing to enter an order nunc pro tunc denying the Department's motion to dismiss the appeal and vacating the order of remand. The order appealed from is reversed, and the case is remanded for entry of

-

the appropriate <u>nunc</u> <u>pro</u> <u>tunc</u> order and for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>