COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges Kelsey and Petty
Argued at Richmond, Virginia


LAURA ANN WEEDON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1378-13-2              CHIEF JUDGE WALTER S. FELTON, JR.
                                                           MAY 6, 2014
DAVID E. WEEDON


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Gordon F. Willis, Judge

        Anthony C. Williams (Anthony C. Williams & Associates, PC, on
        briefs), for appellant.

        Amanda P. Blair (Rinehart, Butler, Hodge & Ross PLC, on brief),
        for appellee.


        Laura Ann Weedon ("wife") appeals the order of the Circuit Court of King George County

("circuit court"), awarding David E. Weedon ("husband") a personal judgment against her in the

amount of $83,959.  Wife asserts the circuit court lacked jurisdiction to enter that order more than

twenty-one days after it entered the final decree of divorce, where the appealed order represented a

substantive modification to the terms of the final divorce decree.  Wife also contends that the circuit

court erred by finding that husband did not commit waste of marital assets when he failed to pay

business expenditures for a corporation jointly owned by the parties.  In addition, wife asserts that

the circuit court erred by declining to hold husband in civil contempt for failing to transfer property

to her as ordered by the final decree of divorce.  Finally, wife asserts the circuit court erred by

failing to award attorney's fees to her where husband's noncompliance with the final divorce decree

was the sole reason for her motion to the circuit court to reconsider its final order.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

Husband and wife married on August 28, 1983.  On January 5, 2012, husband filed a complaint for divorce.  On May 3, 2013, the circuit court entered the final decree of divorce on the grounds that the parties had lived separate and apart, without cohabitation or interruption, for over one year.

In its equitable distribution order, the circuit court awarded wife D & L Automotive Corporation (the "corporation"), a business jointly owned by husband and wife.  The circuit court found that the corporation had a gross value of $231,050, and a net value of $86,350.  Its valuation of the corporation included the value of the real estate on which the corporation was located.  That real estate was jointly titled in the parties' names, and had never been titled in the name of the corporation.  However, the parties agreed for purposes of equitable distribution to classify the real estate as a corporate asset.  At the time of the entry of the final decree of divorce, the real estate represented the corporation's largest single asset.

The circuit court found that the corporation owed $83,959 to husband for loans he made to the corporation during the marriage from his separate property.  Accordingly, the circuit court ordered, as part of its final decree, that the corporation reimburse husband in the amount of $83,959.

On June 7, 2013, wife filed a "Motion for Enforcement of Decree and a Petition for Rule to Show Cause and Sanctions" against husband.  She asserted that husband had failed to comply with various provisions of the final decree.  Specifically, wife asserted that the parties were at an impasse regarding the process for effectuating the transfer of the jointly owned real estate on which the corporation was situated.  She asserted:

> The parties are at an impasse as to how to deed the [real estate] to [wife].  The [real estate] is currently titled in both parties [sic] names "personally" and not in the name of the [corporation].  [Husband] wants to deed the [real estate] to the [corporation].  [Wife] wants the property deeded to her in her "personal" name.  [Husband] refuses to deed the [real estate] to [wife] in her personal name.

Subsequently, on June 12, 2013, wife filed a "Motion to Reopen the Case." On June 14, 2013, the circuit court entered its order reopening the case and issued a rule to show cause against husband "why he should not be adjudged in contempt of this [c]ourt for his failure to comply with the terms of" the final decree of divorce. On June 19, 2013, husband filed a response to wife's June 7, 2013 "Motion for Enforcement of Decree and Petition for Rule to Show Cause and Sanctions."

Regarding the parties' dispute over the transfer of the real estate, husband asserted:

> [Husband] agrees that the [c]ourt declined to make [him] a secured creditor by virtue of its Decree of Divorce, but that [he] was entitled to proceed to effect liens against the business assets as would any other creditor. It is submitted that the [c]ourt envisioned an orderly process for [husband] to be paid the $83,959.00 judgment he was awarded as opposed to a sheriff's levy and subsequent forced sale of assets at below market value which would benefit neither [wife] nor [husband].
> . . . The real estate was valued as part of the assets of the [corporation] although it was not titled in the name of the [corporation]. It is the largest single asset of the [corporation] which [husband] has a $83,959.00 judgment against. If [the real estate] is not deeded to the [corporation], [husband] has no way to attach his judgment to it and it is forever lost as an asset of the [corporation] for [him] to levy on.

On June 28, 2013, after hearing the testimony of the parties and reviewing the evidence presented, the circuit court found that both parties had failed to transfer real and personal property as ordered by the May 3, 2013 final divorce decree. It then ordered husband to effectuate the unresolved transfer of the jointly-owned real estate by deeding his interest in the jointly-owned real estate to wife in her personal name. However, the circuit court found that husband's deeding the real estate to wife adversely affected husband's ability to collect his $83,959 judgment against the corporation. As a result, over wife's objection, the circuit court entered an order granting husband a personal judgment against wife for the sum of $83,959.

The circuit court found neither party in contempt of court and declined to award attorney's fees to either party.

## II. ANALYSIS

### A.

Wife asserts that the circuit court's June 28, 2013 order was void *ab initio* to the extent that it purported to convert a business debt set forth in the May 3, 2013 final decree to a personal judgment against her. She asserts that, pursuant to Rule 1:1, the circuit court lacked jurisdiction to substantively modify the provisions of the final decree of divorce more than twenty-one days after the entry of that decree.[1] Husband contends the circuit court did not err when it entered a personal judgment against wife, because the court was merely enforcing its final decree as authorized by Code § 20-107.3(K).[2]

On appeal, this Court reviews the circuit court's application of the law to the facts of the case *de novo*. Collins v. First Union Nat'l Bank, 272 Va. 744, 749, 636 S.E.2d 442, 446 (2006). However, this Court will not disturb the factual findings of the circuit court unless those findings are plainly wrong or without evidence to support them. Id.

Pursuant to Rule 1:1, a circuit court ordinarily loses jurisdiction over a case twenty-one days after the entry of its final decree resolving that case. Accordingly, a final decree of divorce becomes a final order and "the law of [the] case" after twenty-one days of its entry, and is not "subject to later modifications." Hastie v. Hastie, 29 Va. App. 776, 782, 514 S.E.2d 800, 804 (1999). However, recognizing the unique issues in divorce cases, the General Assembly enacted Code § 20-107.3. See, e.g., Lapidus v. Lapidus, 226 Va. 575, 578, 311 S.E.2d 786, 788 (1984) (under well-established law, jurisdiction in divorce suits is governed purely by statute). Code § 20-107.3(K) gives a circuit

---

[1] "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1.

[2] Code § 20-107.3(K) provides, in pertinent part, that "[t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section."

court "continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section." Code § 20-107.3(K) "creates a limited exception to the strict directive of Rule 1:1." Caudle v. Caudle, 18 Va. App. 795, 797, 447 S.E.2d 247, 249 (1994). Notably, an order entered pursuant to Code § 20-107.3(K) must be consistent with the substantive terms and the intent of the original decree. See Williams v. Williams, 32 Va. App. 72, 75, 526 S.E.2d 301, 303 (2000).

In its final decree of divorce, entered on May 3, 2013, the circuit court ordered the *corporation* to pay husband $83,959 to reimburse him for loans he made to the corporation from his separate property. However, at no place in the final decree of divorce did the circuit court decree that wife would be personally liable to pay husband the $83,959 in the event that the corporation was unable to repay that debt to him.[3] Moreover, there was no language in the final decree of divorce awarding husband a secured interest in the corporation's assets. Indeed, in their respective motions to the circuit court, the parties conceded that the court specifically declined to award husband a security interest in the corporation's property in its May 3, 2013 final decree. Clearly, the circuit court's June 28, 2013 order, entered more than twenty-one days after its entry of the final decree, substantively altered the provisions of the final decree by awarding husband a personal judgment against wife on the unsecured debt owed to him by the corporation.

Because its June 28, 2013 order was a substantive modification of its final decree of divorce, that order did not fall within the Code § 20-107.3(K) limited exception to Rule 1:1 permitting a

---

[3] For purposes of this appeal, we need not decide whether or under what circumstances husband could seek to "pierce the corporate veil" to hold wife personally liable for the corporation's debts. See, e.g., C.F. Trust, Inc. v. First Flight Ltd. P'ship, 266 Va. 3, 10, 580 S.E.2d 806, 809 (2003) ("The decision to ignore the separate existence of a corporate entity and impose personal liability upon shareholders for debts of the corporation is an extraordinary act to be taken only when necessary to promote justice."); O'Hazza v. Executive Credit Corp., 246 Va. 111, 115, 431 S.E.2d 318, 320 (1993) ("There is no single rule or criterion that can be applied to determine whether piercing the corporate veil is justified."). Neither party argued nor briefed this issue on appeal.

circuit court to enter an order more than twenty-one days after entry of the final divorce decree for purposes of *effectuating* or *enforcing* that decree.  See Code § 20-107.3(K); see also Decker v. Decker, 22 Va. App. 486, 495, 471 S.E.2d 775, 779 (1996) (order entered more than twenty-one days after entry of final decree invalid under Code § 20-107.3(K) where it "did not effectuate and enforce any ruling that the trial judge made when he had jurisdiction over the case" (footnote omitted)).  Accordingly, the trial court's June 28, 2013 order was void *ab initio* to the extent that it awarded husband a personal judgment against wife in the amount of $83,959.  See Rule 1:1; see also Williams, 32 Va. App. at 75, 526 S.E.2d at 303.

B.

Wife also asserts that the circuit court was plainly wrong when it found that husband's failure to pay certain designated corporate expenses prior to the entry of the final decree of divorce did not amount to waste of a marital asset.  Specifically, wife contends:

> The [circuit] court awarded [wife] the [corporation] at a valuation that did not include the unpaid expenses incurred between the date of valuation – February 15, 2013 – and the date of the award – May 3, 2103.  If those – yet to be incurred – expenses were to be included, the [corporation] would have been valued at approximately $13,276.91 less.  This would have resulted in a more favorable equitable distribution to [wife].  Instead, [husband] was able to reap the rewards of the ongoing business while [wife] was saddled with the expenses incurred by [husband] once she was able to acquire possession of the [corporation].

Appellant's Br. at 14.

Rule 1:1 provides, in pertinent part, that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

Here, wife assigns error to the valuation and equitable distribution award entered by the circuit court on May 3, 2013.  However, wife did not challenge the circuit court's equitable distribution award within the twenty-one-day period prescribed by Rule 1:1, nor did the circuit court

- 6 -

modify, vacate, or suspend its order within the twenty-one-day period prescribed by Rule 1:1. Accordingly, the May 3, 2013 order was final and binding as the circuit court's equitable distribution award of marital assets to the parties. See Rule 1:1; see also Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) ("After the expiration of [twenty-one] days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive.").

Because the May 3, 2013 order became final and binding as the circuit court's equitable distribution of marital assets to the parties, we lack jurisdiction to consider wife's second assignment of trial court error on appeal.

C.

Wife further asserts that husband "was purposefully and contemptuously defiant" of the final decree and that the circuit court abused its discretion by declining to find him in contempt of court. Appellant's Br. at 15. Husband asserts, however, that the evidence presented at the *ore tenus* hearing on June 28, 2013 showed that he did not act in bad faith or in willful disobedience of the final decree of divorce. He contends that the circuit court's decision declining to hold him in contempt was not plainly wrong and was not made without the consideration of evidence to support that ruling.

The circuit court's decision declining to hold husband in civil contempt of court is not reviewable by this Court on appeal. Jenkins v. Mehra, 281 Va. 37, 48, 704 S.E.2d 577, 583 (2011). Code § 19.2-318 provides that "[f]rom a judgment *for* any civil contempt of court an appeal may be taken to the Court of Appeals." (Emphasis added.) In Jenkins, the Supreme Court held that, "[i]f the General Assembly intended to create appellate jurisdiction to review a judgment *refusing* to hold a person in civil contempt, it would have used a phrase [in Code § 19.2-318] such as 'judgment concerning' or 'judgment regarding' any civil contempt." Id. at 47-48, 704 S.E.2d at 583 (emphasis

added). The Supreme Court "conclude[d] that Code § 19.2-318 does not provide appellate jurisdiction for either this Court or the Court of Appeals to review the judgment of the circuit court dismissing the rule to show cause and refusing to hold [a party] in civil contempt of court." Id. at 48, 704 S.E.2d at 583.

Accordingly, because we are without jurisdiction to consider wife's third assignment of error, we dismiss that portion of her appeal.

D.

Wife argues that the circuit court abused its discretion by declining to award attorney's fees to her. She contends the parties would not have appeared before the circuit court on June 28, 2013 but for husband's defiance of the final decree, "which caused [wife] to move the [circuit] court for enforcement and for a Rule to Show Cause." Appellant's Br. at 17.

It is well established that whether to award attorney's fees is "a matter submitted to the circuit court's sound discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "When a court hears evidence at an *ore tenus* hearing, its decision" whether to grant attorney's fees to a party "is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004).

Here, wife asserts that the parties would not have appeared before the circuit court on June 28, 2013 but for husband's refusal to deliver unencumbered property to her as ordered by the final decree of divorce. However, the circuit court found that husband was not solely responsible for the failure to transfer the property pursuant to the final decree of divorce. Rather, the court determined that neither party had transferred the property as ordered by the final divorce decree. The court found that "a lot . . . needs to be done to transfer all this property around, [and] neither party

- 8 -

unfortunately trusts the other . . . to effectuate the transfer of all the property." Accordingly, the circuit court declined to award attorney's fees to wife.

"[T]he trial court's power to award attorney's fees is discretionary." Alexander v. Alexander, 12 Va. App. 691, 697, 406 S.E.2d 666, 669 (1991). The record on appeal demonstrates that the circuit court considered all the evidence before it in rendering its decision to not award attorney's fees to wife. We conclude that the circuit court's decision declining to award wife attorney's fees is neither plainly wrong nor without evidence to support it. Accordingly, the circuit court did not abuse its discretion. Graves, 4 Va. App. at 333, 357 S.E.2d at 558.

E.

Wife and husband each seek an award of attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). After considering the record on appeal, we cannot say that wife's appeal was frivolous or that other reasons exist to require additional payment from either party. Accordingly, we decline to award attorney's fees to either husband or wife on appeal.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court awarding husband a personal judgment against wife in the amount of $83,959. We affirm the circuit court's decision declining to award attorney's fees to either husband or wife. We remand this case to the circuit court for further proceedings consistent with this opinion.

Affirmed in part, dismissed in part, and reversed and remanded in part.