UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Decker and Senior Judge Frank

JEFFREY M. POPE

MEMORANDUM OPINION[*]
v.      Record No. 1512-14-4                          PER CURIAM
                                                      MARCH 24, 2015
JENNIFER D. POPE

FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

(Bradley G. Pollack, on brief), for appellant. Appellant submitting
on brief.

No brief for appellee.

Jeffrey M. Pope (husband) argues that the trial court erred in ruling that "it was procedurally

barred from taking additional evidence to effectuate and enforce" the equitable distribution ruling in

a previously entered final decree, as contemplated by Code § 20-107.3(K). For the reasons stated

below, this Court reverses the trial court's ruling and remands this matter to the trial court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On January 15, 2005, husband married Jennifer D. Pope (wife). On August 12, 2011, the

parties separated. After hearing evidence and argument regarding equitable distribution, the trial

court issued a letter opinion on June 27, 2013. With respect to the parties' Disney resort

timeshare, the trial court held, "The husband shall convey his interest to the wife, and she shall

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

assume the outstanding indebtness [sic] and indemnify the husband against payment of the same." The letter opinion was incorporated into the final decree of divorce, which was entered on August 19, 2013.[1] The final decree included the following provision regarding the Disney resort timeshare: "Wife shall receive the Disney Resort Timeshare as her separate property."

On December 5, 2013, husband filed a motion to show cause, in which he asked that wife be held in contempt for her failure to "assume payments on the debt regarding the timeshare as ordered by the Court." On April 24, 2014, the trial court entered a rule to show cause, and on May 22, 2014, the trial court entered an order dismissing the motion to show cause.

On May 29, 2014, the trial court, *sua sponte*, sent a letter to counsel advising them that it had intended for wife to "assume and pay the balance of the husband's credit card indebtedness as of the time of trial insofar as it was incurred for purchase of the timeshare." However, "there was no evidence offered at trial as to the amount of the debt." The trial court stated that it would "re-open the case for the purpose of receiving evidence of the amount of the referenced debt." It directed husband to submit an accounting of the credit card debt to wife, and if the parties could not agree on an amount, then an evidentiary hearing could be scheduled.

On June 6, 2014, wife's counsel wrote a letter to the trial court and objected to the trial court's May 29, 2014 letter. Wife argued that the trial court lacked jurisdiction to re-open the case to receive evidence about the credit card debt.

On June 19, 2014, the trial court sent another letter to counsel in response to wife's letter. The trial court explained that its May 29, 2014 letter was "an attempt at clarification of [its]

---

[1] Husband subsequently appealed the final decree of divorce to this Court. On February 17, 2014, this Court entered an order dismissing husband's appeal for failure to file an opening brief.

previous ruling." The trial court suspended the rulings in its May 29, 2014 letter and directed

husband to file a response to wife's objections.[2]

On July 3, 2014, husband filed a response and argued that the trial court had the authority

to do as it directed in its May 29, 2014 letter pursuant to Code § 20-107.3(K).

On July 25, 2014, the trial court sent another letter to counsel. It stated, "I do not believe

that Virginia Code § 20-107.3(K) allows me to re-open a case for the purpose of taking

additional evidence after the case has been concluded and an appeal taken and dismissed." The

trial court acknowledged that its decision "results in a windfall" to wife, but the court felt that it

was "procedurally barred from taking further action." It entered an order on the same date,

memorializing its rulings, and "retired [the case] from the active docket of [the] Court."

Husband subsequently asked the trial court to reconsider. The trial court declined to reconsider

its ruling. This appeal followed.

ANALYSIS

Husband argues that the trial court erred in holding that it was procedurally barred from

taking further action. Husband contends the trial court could have taken additional action

pursuant to Code § 20-107.3(K) and that Rule 1:1 did not apply to this situation.

Under settled principles, "'[w]e review the trial court's statutory interpretations and legal

conclusions *de novo*.'" Craig v. Craig, 59 Va. App. 527, 539, 721 S.E.2d 24, 29 (2012) (quoting

Navas v. Navas, 43 Va. App. 484, 487, 599 S.E.2d 479, 480 (2004)).

"Generally, a court has 'the inherent power, based upon any competent evidence, to

amend the record at any time, when "the justice and truth of the case requires it," so as to cause

its acts and proceedings to be set forth correctly.'" Dixon v. Pugh, 244 Va. 539, 542, 423 S.E.2d

---

[2] The trial court did not enter an order reflecting its decision in the letter. It also directed husband to file an accounting of the credit card account, which he did, reflecting a balance of $6,412.33

169, 171 (1992) (quoting <u>Netzer v. Reynolds</u>, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986) (quoting <u>Council v. Commonwealth</u>, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956))); <u>see also</u> <u>Decker v. Decker</u>, 22 Va. App. 486, 494, 471 S.E.2d 775, 778 (1996).

Rule 1:1 states, in part, "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." An exception to Rule 1:1 is Code § 20-107.3(K), which states that "[t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section . . . ."

> Code § 20-107.3(K) specifically authorizes divorce courts to exercise their "continuing authority and jurisdiction" to do certain things even after the expiration of Rule 1:1's twenty-one-day deadline. The statute exempts from Rule 1:1 "any additional orders necessary to effectuate and enforce" any previous equitable distribution order entered pursuant to Code § 20-107.3.

<u>Cabral v. Cabral</u>, 62 Va. App. 600, 608, 751 S.E.2d 4, 8-9 (2013).

"Such modification [under Code § 20-107.3(K)] . . . must be 'consistent with the substantive provisions of the original decree' and not 'simply to adjust its terms in light of the parties' changed circumstances.'" <u>Williams v. Williams</u>, 32 Va. App. 72, 75, 526 S.E.2d 301, 303 (2000) (quoting <u>Caudle v. Caudle</u>, 18 Va. App. 795, 798, 447 S.E.2d 247, 249 (1994)); <u>see also</u> <u>Recker v. Recker</u>, 48 Va. App. 188, 194-95, 629 S.E.2d 191, 195 (2006).

Furthermore, this Court has explained that a "trial judge could not avoid the bar of Rule 1:1 and rule on a substantive, contested issue that was encompassed by the terms of the final decree." <u>Decker</u>, 22 Va. App. at 495, 471 S.E.2d at 779 (citing <u>Dixon</u>, 244 Va. at 543, 423 S.E.2d at 171).

In the trial court and now before this Court on appeal, husband has not sought anything more than the entry of an order under Code § 20-107.3(K) that is consistent with the trial court's original order regarding the Disney resort timeshare. Husband is not seeking a ruling on a substantive, contested issue because the trial court previously ruled that wife was to pay the indebtedness in exchange for receiving the property. In its May 29, 2014 letter, the trial court explained that there was no lien on the timeshare, but husband used his credit card to pay for his share of the purchase price. The trial court then indicated that the amount of the credit card debt must be determined. This determination is necessary to clarify wife's obligation under the terms of the final decree. Code § 20-107.3(K) allows the trial court to enter an order clarifying its previous order, which was the trial court's intention before it ruled that it did not have jurisdiction.

Accordingly, the trial court erred when it refused to clarify and modify its previous order regarding the Disney resort timeshare. The matter is remanded to the trial court to conduct a hearing to determine the amount of credit card debt owed by wife in exchange for her receiving the Disney resort timeshare as her separate property.

CONCLUSION

For the foregoing reasons, the trial court's ruling is reversed and this case is remanded for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>