# Dwight A. Dixon

## v.

# Marjorie Hagood Dixon Pugh

Record No. 911738

November 6, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ., and
Harrison, Retired Justice

*Dannie R. Sutton, Jr.* for appellant.

*William W. Bennett, Jr. (Bennett and Rand,* on brief), for appellee.

*Amicus Curiae:* Ms. Linda G. Chaplain.

JUSTICE HASSELL delivered the opinion of the Court.

The narrow issue we consider in this divorce proceeding is whether the chancellor may amend a final decree *nunc pro tunc* and thereby make a lump sum award of spousal support, even though the original decree did not contain a clear and explicit reservation of jurisdiction to modify the award of spousal support.

The relevant facts are not in dispute. In 1981, appellee, then Marjorie Hagood Weston Dixon, filed a bill of complaint requesting a divorce from her husband, Dwight A. Dixon, on the ground of desertion. She also requested an award of spousal support.

On February 5, 1982, the chancellor granted Pugh a divorce and ordered Dixon to pay $200 per month in spousal support, $1,000 per month in child support, attorneys fees, and costs. A transcript of a hearing conducted before the entry of this decree indicates that the trial court intended to make a temporary spousal support award and, on a later date, to make a lump sum award to Pugh.[1] The final decree, however, did not clearly and explicitly reserve the court's jurisdiction to modify the decree in the future.

In 1985, Pugh sought to modify the child and spousal support awards based upon a change in circumstances and to preserve the

---

[1] The chancellor also deleted the following sentence from the decree: "And nothing further remaining to be done herein, it is ORDERED that this cause is stricken from the docket and the papers placed among the ended causes."

estate of the husband. Her motion for modification of the support awards was referred to a commissioner in chancery. Following numerous *ore tenus* hearings, Dixon filed a motion to dismiss the proceeding, alleging that the court lacked jurisdiction to give Pugh a lump sum spousal support award because the 1982 final decree did not expressly reserve her right to seek such an award in the future. The chancellor denied the motion and amended the 1982 final decree *nunc pro tunc* to include the following sentence:

> It is further ORDERED that the matters of permanent alimony and award of lump sum for plaintiff [Pugh], if any, are hereby expressly and explicitly reserved by this Court for future consideration by the Court; and that this cause be and hereby is continued for such purposes.

Subsequently, the commissioner submitted his report recommending that Pugh receive a lump sum award in the amount of $130,000, $500 per month for child support, $20,000 in attorneys fees, and 80% of the costs. The commissioner's report was approved by the chancellor over Dixon's objection. The Court of Appeals affirmed the judgment of the trial court in an unpublished opinion. We awarded Dixon an appeal, having determined that the Court of Appeals' decision involves a matter of significant precedential value. Code § 17-116.07.

Dixon argues that the trial court lacked jurisdiction to modify, vacate, or suspend the 1982 decree. He contends that the 1982 decree became a final order 21 days after the date of entry because the trial court did not "expressly reserve the right to revise alimony provisions to meet changed conditions." Pugh argues that when the 1982 decree was entered, the chancellor inadvertently failed to include an explicit reservation of jurisdiction in the decree and the court is entitled to correct the omission by the entry of a decree *nunc pro tunc*, thus retaining jurisdiction to modify the award of spousal support.

We have repeatedly held that a court may not modify an award of spousal support in a divorce decree in the absence of a statute or a clear and explicit reservation of jurisdiction to modify the spousal support provision. In *Losyk* v. *Losyk*, 212 Va. 220, 183 S.E.2d 135 (1971), we stated:

Authority to modify the alimony provisions of a final divorce decree must be found either in the language of the decree or in an applicable statute.

In the absence of statute a court may expressly reserve the right to revise alimony provisions to meet changed conditions. But the reservation must be clear and explicit. *Brinn* v. *Brinn*, 147 Va. 277, 137 S.E. 503 (1927); *Capell* v. *Capell*, 164 Va. 45, 49, 178 S.E. 894, 896 (1935). *See also Perry* v. *Perry*, 202 Va. 849, 853, 120 S.E.2d 385, 388 (1961), where it was held that in a final divorce decree that was silent as to alimony the language ''with leave to either party to have the same reinstated for good cause shown'' was not a sufficient reservation of power in the court to reinstate the cause to award alimony.

212 Va. at 222, 183 S.E.2d at 137.

■ We have followed this principle, without exception, in the narrow area of spousal support provisions in divorce decrees. *See Duke* v. *Duke*, 239 Va. 501, 504, 391 S.E.2d 77, 79 (1990); *Thomasson* v. *Thomasson*, 225 Va. 394, 397 n. 1, 302 S.E.2d 63, 65 n. 1 (1983); *Perry* v. *Perry*, 202 Va. 849, 852-53, 120 S.E.2d 385, 388 (1961); *Golderos* v. *Golderos*, 169 Va. 496, 504, 194 S.E. 706, 708 (1938). The rationale underlying this rule is straightforward. A reservation of jurisdiction should not be uncertain or left in doubt. It is in the interest of the litigants and courts that when the parties have been heard fully, litigation should terminate, and if a litigant claims a right to a modification of spousal support in the future, such reservation of jurisdiction should be abundantly clear. *See Brinn* v. *Brinn*, 147 Va. at 288-89, 137 S.E. at 506.

Pugh concedes, as she must, that our precedent permits a chancellor to amend an award of spousal support only if the decree contains an explicit reservation of jurisdiction or jurisdiction is conferred by statute. She argues, however, that the trial court had authority to amend the 1982 decree by entering a *nunc pro tunc* order. We disagree.

■ Generally, a court has ''the inherent power, based upon any competent evidence, to amend the record at any time, when 'the justice and truth of the case requires it,' so as to cause its acts and proceedings to be set forth correctly.'' *Netzer* v. *Reynolds*, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986) (quoting *Council* v. *Commonwealth*, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)). Additionally, Code § 8.01-428(B) permits a trial court to correct clerical

errors that arise from inadvertent omissions or oversight. That Code provision states, in relevant part:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

§ 8.01-428(B).

However, a court's statutory and inherent power to amend the record *nunc pro tunc* cannot be used to acquire subject matter jurisdiction where the decree of spousal support failed to contain a clear and explicit reservation of jurisdiction. Rule 1:1 permits the trial court to retain jurisdiction of a proceeding until 21 days from the date of entry of its final order.[2] Here, the trial court lost subject matter jurisdiction over the award of spousal support 21 days from the date of the 1982 decree because that decree did not contain an explicit reservation of jurisdiction. As we stated in *Snead* v. *Atkinson*, 121 Va. 182, 92 S.E. 835 (1917):

> [I]t must be indisputable that in order to enter valid orders a court must have jurisdiction of the cause in which such orders are entered, and no valid orders can be entered in a case which has been once finally disposed of, unless it has been first legally reinstated.

*Id.* at 187, 92 S.E. at 837.

Accordingly, we will reverse that portion of the judgment of the Court of Appeals that affirmed the trial court's judgment granting a lump sum spousal support award to Pugh. We will affirm the remainder of the judgment of the Court of Appeals because no issue is raised before us about those provisions. Accordingly, the judgment of the Court of Appeals is reversed in part, affirmed in part,

---

[2] Rule 1:1 states, in part: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

and final judgment will be entered here deleting the lump sum spousal support award.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*