COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

DAVID M. BROMLEY

v.   Record No. 1905-96-2

VICKI D. BROMLEY

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 18, 1997

FROM THE CIRCUIT COURT OF RICHMOND COUNTY
Joseph E. Spruill, Jr., Judge

(Gordon A. Wilkins; Wilkins & Davison, on
brief), for appellant.

(William R. Curdts; Dunton, Simmons & Dunton,
on brief), for appellee.


David M. Bromley (husband) appeals the decision of the
circuit court setting the amount of spousal support paid to Vicki
D. Bromley (wife) and deciding other issues.  On appeal, he
contends that the trial court erred in (1) finding him in
contempt, (2) finding wife to be unable to hold gainful
employment, (3) continuing wife's spousal support, (4) failing to
consider all the spousal support statutory factors, and (5)
awarding wife attorney's fees.  Upon reviewing the record and
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the decision of the
trial court.  Rule 5A:27.

I.
A trial court "has the authority to hold [an]
offending party in contempt for acting in bad

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> faith or for willful disobedience of its order."
> In a show cause hearing, the moving party need
> only prove that the offending party failed to
> comply with an order of the trial court. The
> offending party then has the burden of proving
> justification for his or her failure to comply.

Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted).

By order of the juvenile and domestic relations district court, husband was responsible for payment of the parties' mortgage, insurance and taxes. The circuit court reaffirmed husband's obligation for those payments in its July 24, 1995 order. Nevertheless, husband unilaterally discontinued those payments after that date. The marital home was lost due to foreclosure. Husband's failure to pay personal property taxes barred wife from obtaining the necessary county decal for her automobile.

Husband did not seek court approval before stopping the payments. The trial court found that husband lacked sufficient justification for his failure to make the payments. We find no error in the trial court's decision finding husband in contempt.

Husband also contends that wife failed to demonstrate she suffered harm because he failed to comply with the court order. We find no evidence that husband raised this argument below and we will not consider it for the first time on appeal. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

## II.

Evidence introduced in the trial court demonstrated that wife suffered from Epstein-Barr Chronic Fatigue and fibromyalgia. She had not worked in twelve years. Husband conceded that wife had medical problems during the marriage. The trial court found that "the evidence before me is that she's not physically able to work. Her health doesn't permit it. So I'm sort of bound by that testimony, and it's somewhat convincing because of the fact that for 12 years she has not worked." As evidence in the record supports the trial court's conclusion, husband's claim that the court erred in finding wife was not able to work is without merit.

## III.

Husband concedes that wife is entitled to spousal support, but argues on appeal that the amount of $600, when combined with the children's support and medical insurance, is grossly unfair based upon his earnings.

> Where a claim for support is made by a party who has been held blameless for the marital breach, the law imposes upon the other party a duty, within the limits of his or her financial ability, to maintain the blameless party according to the station in life to which that party was accustomed during the marriage.

Gamble v. Gamble, 14 Va. App. 558, 573-74, 421 S.E.2d 635, 644 (1992).

While the court did not expressly so state, it is readily apparent from the record and from the court's final decision that

3

it found a material change in the parties' circumstances warranting modification of the spousal support payment. The trial court considered the parties' current incomes and expenses before modifying husband's spousal support payments. While the court increased the spousal support payable to wife from $150 to $600 a month, it relieved husband of any additional responsibilities for wife's expenses, including wife's medical insurance. Husband's responsibility for the mortgage payments also no longer existed. The net result was a reduction in husband's monthly financial obligations to wife and the parties' children. Husband also acknowledged that he shared living expenses and income with his live-in companion.

We cannot say the court's decision balancing wife's needs for support against husband's ability to pay was clearly erroneous or an abuse of its discretion.

## IV.

Husband contends that the trial court failed to consider the ability of wife to seek employment and that, as a result, its determination of the amount of spousal support was reversible error. On the contrary, the record demonstrates that the trial court found credible the evidence that wife was not able to work. Therefore, husband's argument is without merit.

## V.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal

4

only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Appellant argues that because the divorce decree entered April 10, 1995 was silent as to attorney's fees, the issue was not reserved and the court lacked authority to award fees incurred prior to the July 10, 1995 hearing. Appellant further contends that the record is insufficient to demonstrate when the awarded fees were incurred.

Wife requested attorney's fees in her motion for contempt and support modification. The evidence demonstrated that, since the time of the July 10, 1995 hearing, wife incurred attorney's fees in connection with the foreclosure, husband's bankruptcy, and the pending motion. Wife's counsel indicated that the outstanding fees as of the date of the hearing were $6,000. The court awarded $2,500.

Husband cites Dixon v. Pugh, 244 Va. 539, 423 S.E.2d 169 (1992), in support of his contention that the court's failure to reserve jurisdiction over attorney's fees in the final decree barred it from awarding fees. However, Dixon dealt with the failure to reserve jurisdiction over spousal support, the right to which is strictly a creation of statute. Id. at 543, 423 S.E.2d at 170-71. That case is inapposite.

The circuit court had authority to award attorney's fees in

5

a matter properly before it.  Cf. <u>Fairfax County Dep't of Human Dev. v. Donald</u>, 251 Va. 227, 467 S.E.2d 803 (1996).  Husband's income was substantially higher than wife's, and his actions had caused wife to incur fees relating to bankruptcy and foreclosure.  Therefore, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>
