COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


LLOYD H. BROWN, SR.
                                                             MEMORANDUM OPINION[*]
v.        Record No. 1676-06-2                                   PER CURIAM
                                                              FEBRUARY 6, 2007
ROSALIND H. BROWN


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        Catherine C. Hammond, Judge

              (Reginald M. Barley, on brief), for appellant.

              (Barbara S. Picard; Cawthorn, Picard & Rowe, P.C., on brief), for
              appellee.


        On appeal, Lloyd Brown (husband) contends the trial court did not have jurisdiction to

determine issues relating to the distribution of proceeds pursuant to a 2003 final decree.  Husband

also challenges the award of attorney's fees to Rosalind H. Brown (wife) and the denial of his

request for spousal support.  Upon reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

                                      BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the prevailing party below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

        "On February 10, 2003, the trial court entered a final decree granting wife a divorce 'on

the grounds of cruelty, and constructive desertion and abandonment, as determined by the

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Court's June 5, 2002 opinion letter.'"  Brown v. Brown, Record No. 0580-03-2 (Va. Ct. App. Oct. 21, 2003).  The trial court distributed property, apportioned debts and refused to award husband spousal support at that time.

In paragraph 10 of the final decree, the trial court ordered:

> All of the real property shall be sold by Mr. Sheffield whose powers as trustee are continued until the property is sold.  Mr. Sheffield shall hold the proceeds and distribute those in the following order:  first, the mortgage loans secured by the real property; second, one-half (½) of the proceeds to Mrs. Brown; third, $7,854.52 to Mrs. Brown for paragraph 11 credit; and fourth, $12,000.00 to Mrs. Brown as a payment towards Mr. Brown's share of the marital debt obligation; and fifth, the balance, if any, to Mr. Brown and the proceeds divided equally, subject to the court's findings.  Mr. Sheffield alone is authorized to list and sell the properties using a licensed real estate agent.

Following the last numbered paragraph in the decree, the trial court adjudged, ordered and decreed that

> all of the marital real property located at 8220 Bradbury Road, 8230 Bradbury Road, 8235 Bradbury Road, 8216 Bradbury Road, 8251 Bradbury Road, and the Massanutten Time Share shall be sold by Mr. Sheffield.  The net proceeds from the sales shall be divided equally between the parties, subject to the credits awarded the [wife].

Immediately after that paragraph, the trial court adjudged, ordered and decreed that wife "shall be authorized to sell the aforementioned real properties."

On September 29, 2004, wife moved the trial court to clarify the two above-referenced provisions in the final decree regarding the listing and sale of the marital real property.  Wife explained Mr. Sheffield has not listed or sold any of the marital property and awaits direction from the trial court, and she was uncertain as to her authority to list and sell the properties.  In her motion, wife also advised the trial court that husband has continued to reside at the former marital residence but has failed to timely pay the mortgage, and he has continued to collect rents from another of the marital properties.

By order dated November 17, 2004, the trial court stated:

> It appearing to the Court there are two pending Motions in this case, one filed by each of the parties, and that the case has been ended, it is hereby ADJUDGED, ORDERED and DECREED that the case be and hereby is reinstated on the dockets of this Court.

In the order, the trial court ruled as follows:

> [P]aragraph 10 of the Final Decree . . . is in error in that it does not comport to the Court's letter opinion of June 5, 2002. Wherefore, the Court, *sua sponte*, corrects paragraph 10 of the Final Decree which should state that the Plaintiff, Rosalind H. Brown, is the sole person authorized to list and sell the properties using a licensed real estate agent. Mr. James Sheffield shall have no authority to list and sell the properties.

The trial court also directed husband to cooperate with wife in listing and selling the properties.

On February 10, 2006, husband moved for an award of spousal support and attorney's fees.

On March 15, 2006, husband filed a motion objecting to the trial court "permitting [wife] to re-open this case to re-consider the distribution of marital assets."

On May 5, 2006, the trial court conducted a hearing

> upon the [trial] Court's own Motion to determine enforcement of the Final Decree entered in this matter, to resolve any issues pertaining to the distribution of proceeds from the sale of the real estate owned by the parties, to rule on the [husband's] request for spousal support, and to rule on the [wife's] request for attorney fees; and also upon the Motion Objecting to Jurisdiction filed by the [husband].[1]

Husband testified that he lives at 8220 Bradbury Road, the former marital residence, with his sister, who bought the house from husband and wife. Husband also testified that he received $350 from the tenants living at 8251 Bradbury Road, and he failed to give an accounting of those

---

[1] This language was taken verbatim from the trial court's June 22, 2006 order.

funds to wife. Husband testified there was no longer a mortgage on the 8251 Bradbury Road property and he kept and used the rental money he received to make repairs. Husband testified that he signed all deeds and contracts when asked and that he paid off loans on certain pieces of property.

Wife testified that she listed several properties with realtors in the summer of 2005 and that one of the realtors was unable to gain access to one of the properties, thus, she was unable to list it for sale. That property was the one from which husband collected rents directly from the tenants. Wife had to obtain a "pay or quit" notice to force the tenants to allow access to the property. Husband's sister, who eventually purchased 8220 Bradbury Road, was given an opportunity much earlier to buy the former marital residence, but she rejected the initial offer, delaying the final sale of the residence because husband wanted wife to sell the house at a reduced amount. During wife's many ongoing attempts to sell the former marital residence, husband refused to talk with wife about selling the house. Wife testified that from June of 2005 until January of 2006, she had to obtain the services of her attorney and others to list and sell the properties because husband "refused to sign off on the properties when we were ready to sell them." According to wife, husband "refused to do anything to expedite the sale of the property." Moreover, wife never received documentation of the alleged $37,348 husband claimed he paid on a mortgage. Wife asked the trial court to order husband to sign the deed to 8235 Bradbury Road. Wife averred that husband "is refusing to [sign over and] sell" that property because "[h]e wants to buy the property," himself, however, "that's not feasible" under the circumstances. Wife submitted and the trial court admitted into evidence copies of itemized bills from her attorney for services rendered to effectuate the listing and sale of the marital property.

In its June 22, 2006 order, the trial court dismissed the motion challenging jurisdiction, established the parties' rights to certain set-offs and payments relating to the final sales of the

- 4 -

marital real property, denied husband's request for spousal support, and awarded wife $1,500 in attorney's fees incurred in attempting to list and sell the properties.

## DISCUSSION

### Jurisdiction

At the beginning of the May 5, 2006 hearing, the trial court overruled husband's motion challenging the trial court's jurisdiction and ruled that "we're here on the matter pertaining to the enforcement of the Court's Order and . . . the Court has power to enforce the orders and that would be the final decree, actually."

Code § 17.1-513 vests circuit courts with "original and general jurisdiction of all cases in chancery," and Code § 20-107.3 authorizes trial courts to identify, classify, value, and distribute property, separate, hybrid, and marital. Code § 20-107.3(K) provides for the continuing jurisdiction of a trial court to enter orders "necessary to effectuate and enforce any order entered pursuant to [Code § 20-107.3], including the authority to" order the transfer or division of property, the payment of any monetary award and appoint a special commissioner to transfer any property where a party refuses to comply with an order to do so.

Furthermore, "a court has 'the inherent power, based upon any competent evidence, to amend the record at any time, when "the justice and truth of the case requires it" so as to cause its acts and proceedings to be set forth correctly.'" Dixon v. Pugh, 244 Va. 539, 542, 423 S.E.2d 169, 171 (1992) (quoting Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956)). "Moreover, by statute, '[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.'" Id. at 542-43, 423 S.E.2d at 171 (quoting Code § 8.01-428(B)).

Despite the passage of three years since entry of the final decree, the record showed that the parties had not disposed of and distributed the marital realty. Moreover, the record further reflected that the terms in the final decree did not comply with the terms included in the trial court's June 5, 2002 opinion letter. Therefore, the trial court reinstated the case on the docket in order to effectuate and enforce its rulings from 2002 and to correct any discrepancies in the 2003 decree. The trial court had jurisdiction to reinstate the case in order to effectuate its prior order. See Code § 20-107.3(K).

The issues contested by husband relating to set-offs and distribution of the sales proceeds from the properties were necessary determinations to effectuate the original order. Factors responsible for the trial court's additional findings, including set-off for husband's continued use of the family residence, included the length of time that the properties remained unlisted and unsold and husband's lack of cooperation in expediting the sales of the property. Accordingly, the trial court did not err in finding it had jurisdiction.

### Attorney's Fees

Husband argued there was no evidence that he failed to cooperate with wife, therefore, the trial court erred in awarding her $1,500 in attorney's fees.[2]

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Brooks v. Brooks, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998).

The trial court awarded wife $1,500 in attorney's fees due to husband's lack of cooperation and because her attorney had to perform work in order to effectuate the sale of the

---

[2] In the argument section of his brief, husband also contends "the trial court did not have jurisdiction over [wife's] claims for attorney's fees." He references pages 34 and 113 in the joint appendix to show where he preserved this issue. Our review of those pages fails to show that husband made this argument; therefore, we do not address it now. Rule 5A:18.

marital properties.  The record supports that determination.  Accordingly, the trial court did not abuse its discretion in denying the husband's request for attorney's fees.

## Spousal Support

In denying spousal support to husband, the trial court explained:

> [W]ith respect to the spousal support, there has been a slight change in circumstances because of the loss of the [$350 per month] rental income [from 8251 Bradbury Road], but there's also been a change because under factors number seven and eight of 20-[107.3], I consider the property interest and the provisions made with regards to marital property.  And this request for spousal support is denied.

Husband's sole objection to the denial of spousal support was written on the June 22, 2006 order, as follows:

> Objection to par[agraph] d because the defendant [husband] proved entitlement to spousal support from the plaintiff [wife].

In his brief, husband argues he "proved by overwhelming evidence that he was entitled to receive spousal support from" wife and the trial court erred in relying solely on factors 7 and 8 of Code § 20-107.3, relating to the division of the marital estate, in refusing to award him spousal support.

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal.  See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*).  A trial court must be alerted to the precise issue to which a party objects.  See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

Although appellant objected generally to the sufficiency of the evidence to support the trial court's denial of spousal support, he failed to specify that the trial court erroneously relied on only two factors in making its decision.  Because the requirements of Rule 5A:18 have not been met, we will not consider this specific question on appeal.

- 7 -

However, we will address the objection appellant raised before the trial court, namely, whether there was sufficient evidence to support its decision.

Husband moved for and was denied spousal support in 2002. Therefore, his renewed motion for spousal support was a motion to modify the trial court's prior ruling denying such support. Code § 20-109 allows a trial court to modify a determination regarding spousal support "as the circumstances may make proper." In moving to modify the prior ruling, husband was "required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). A material change in circumstances must have occurred after the most recent judicial review of the award, see Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993), and "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay," Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). "The 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Id. at 419, 369 S.E.2d at 452-53. "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

Here, the trial court found there was only "a slight change in circumstances" since the original request for spousal support in 2002. Thus, husband failed to show a "material change in circumstances." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30. Moreover, the trial court found that the reduction in the rental income was more than offset by the monies husband received and was scheduled to receive from the sale of marital properties. Accordingly, the trial

court did not abuse its discretion in refusing to modify its prior decision regarding spousal support.

Accordingly, the judgment of the trial court is summarily affirmed.

<u>Affirmed.</u>