COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Beales and Powell


DWIGHT ALEXANDER DIXON

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2217-08-2                              PER CURIAM
                                                       MARCH 17, 2009
MARJORIE HAGOOD WESTON DIXON PUGH


                 FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                          William N. Alexander, II, Judge

          (Dwight Alexander Dixon, *pro se*, on brief).

          No brief for appellee.


       Dwight Alexander Dixon (Dixon) appeals the trial court's dismissal of his "Complaint or

Motion to Vacate Judgment."  Dixon argues that the trial court erred by not determining whether he

owed Marjorie Hagood Weston Dixon Pugh (Pugh) any amount under previous court orders.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

       Dixon filed a written statement of facts, but it was not accompanied by the requisite notice

of presentment, it was not presented to the trial court, and it was not signed by the judge.  "[A]

written statement of facts becomes a part of the record only if all of the requirements of Rule

5A:8 are complied with by the parties and the trial judge."  Mayhood v. Mayhood, 4 Va. App.

365, 368-69, 358 S.E.2d 182, 184 (1987).  Dixon did not comply with Rule 5A:8, so the written

statement of facts did not become part of the record.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Since the written statement of facts is not part of the record, we need to determine whether it is indispensable to a determination of the issue on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992). This matter was instituted by Dixon's filing of a motion and Pugh's answer. There was no formal hearing in this matter. The parties had a telephone conference with the judge and submitted their arguments and evidence in written form, and the judge issued an opinion letter detailing the procedural history of the case and his ruling. The record contains all of the information that is needed to decide the issue on appeal.

In 1982, Dixon and Pugh were divorced. The final decree awarded spousal support to Pugh, along with child support, attorney's fees, and costs. The final decree did not reserve the right to modify the spousal support in the future, although the trial court intended to make a lump sum award to Pugh in the future. In 1985, Pugh sought to modify the spousal support and child support awards. Over Dixon's objection, the trial court amended the 1982 decree *nunc pro tunc* to reserve the right to modify spousal support and award a lump sum. The trial court awarded Pugh a lump sum award of $130,000, and $20,000 in attorney's fees and 80% of the costs.[1] Dixon appealed the trial court's ruling and argued that the trial court did not have jurisdiction to modify the 1982 decree because the right to modify spousal support was not preserved in the 1982 decree. The matter reached the Supreme Court of Virginia, which noted that

> [t]he narrow issue we consider in this divorce proceeding is whether the chancellor may amend a final decree *nunc pro tunc* and thereby make a lump sum award of spousal support, even though the original decree did not contain a clear and explicit reservation of jurisdiction to modify the award of spousal support.

Dixon v. Pugh, 244 Va. 539, 540, 423 S.E.2d 169, 169-70 (1992). The Supreme Court of Virginia held

---

[1] The trial court also addressed the issue of child support. They really didn't modify it, but left it the same.

we will reverse that portion of the judgment of the Court of Appeals that affirmed the trial court's judgment granting a lump sum spousal support award to Pugh. We will affirm the remainder of the judgment of the Court of Appeals because no issue is raised before us about those provisions. Accordingly, the judgment of the Court of Appeals is reversed in part, affirmed in part, and final judgment will be entered here deleting the lump sum spousal support award.

Id. at 543-44, 423 S.E.2d at 171-72. Accordingly, the only issue before the Supreme Court of Virginia was the issue of the lump sum spousal support award, not the attorney's fees and costs award.

Dixon now argues that since the trial court did not have jurisdiction to order the lump sum spousal support award, it did not have jurisdiction to order the attorney's fees and costs award. Dixon argues that the award for attorney's fees and costs was included in the lump sum award.

"[T]rial courts speak only through their written orders and . . . such orders are presumed to reflect accurately what transpired." McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001) (citations omitted). See also Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008) (citation omitted).

The Supreme Court of Virginia did not address the attorney's fees and costs issue because it was not before that Court. Attorney's fees and costs were not included in the lump sum spousal support award. Therefore, the prior order relating to the attorney's fees and costs is final. Rule 1:1. Dixon is obligated to pay the attorney's fees and costs pursuant to the prior order.

The trial court did not err in dismissing Dixon's "Complaint or Motion to Vacate Judgment," and the ruling is summarily affirmed. Rule 5A:27.

Affirmed.