COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Huff, Russell and Malveaux
Argued by videoconference


HINA QURESHI

                                                            MEMORANDUM OPINION* BY
v.       Record No. 0616-20-2                               JUDGE GLEN A. HUFF
                                                            APRIL 27, 2021

AAMIR MAHMOOD


                    FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                                 Cheryl V. Higgins, Judge

             Caroline Ayres for appellant.

             Leah E. Hernandez (Dygert, Wright, Hobbs & Hernandez, PLC, on
             brief), for appellee.


        Hina Qureshi ("mother") appeals the trial court's denial of her motions to reconsider its

child support award and award of attorney's fees as well as the underlying orders themselves.

Mother asserts a labyrinth of twenty assignments of error—which took eleven pages to

list—claiming that the trial court abused its discretion by, *inter alia*, making a "blanket ruling,"

making "conclusory written statements," ordering retroactive child support when that "money

ha[d] been already spent on . . . the children," and not reconsidering a ruling mother had already

appealed.

        Because the trial court lacked jurisdiction to entertain mother's motions to reconsider in

the first instance, this Court is likewise without jurisdiction.  Therefore, this Court dismisses

mother's appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

Mother and Aamir Mahmood ("father") were married on December 8, 1996.  The couple had three children before separating on January 8, 2014.  A final decree of divorce was entered on April 24, 2015, which reserved the matter of child support for future consideration.

The trial court took evidence on the matter of child support at two hearings held on June 19, 2015, and October 15, 2015.  At the second hearing, the trial court orally pronounced its ruling that father was required to pay to mother child support in the sum of $2,982 per month, in accordance with the child support guidelines.  The payments were calculated with mother having primary physical custody of the children.  A corresponding written order was entered on March 2, 2016.

On June 30, 2016, father filed a motion to amend child support.  In support of his motion, father noted that he and mother were then sharing physical custody of the children, mother's income had changed, and mother had removed a large sum of money from the eldest child's college savings plan.

On August 3, 2017, the trial court held a hearing on father's motion to amend child support.  The trial court took new evidence on the parties' incomes and custody arrangements and recalculated child support.  The guidelines set forth a monthly child support award of $1,056 per month, payable by father to mother.  The trial court found that mother had removed $58,000 from the eldest child's college savings plan.  In order to replenish the college fund, the trial court deviated downwards from the guidelines by $333 per month and ordered father to deposit that $333 per month in the college savings plan he set up for his eldest child.  Furthermore, the trial court ordered that its ruling would apply retroactively to the date that father filed the motion to reconsider.  No written order was entered reflecting the trial court's ruling until 2018.

On January 19, 2018, mother moved the trial court to reconsider its child support order. On April 27, 2018, the trial court held a hearing on mother's motion to reconsider the child support award. The trial court denied mother's motion to reconsider and then entered a written order memorializing its prior child support determination.

On May 21, 2018, mother filed a motion to suspend and once again reconsider the child support order. The trial court did not enter any order suspending or vacating the child support order.

On September 24, 2018, the trial court held a hearing on mother's motion to suspend and reconsider the child support order. The trial court determined that it lacked jurisdiction to modify the substance of the order because more than twenty-one days had passed and, therefore, denied mother's motion. In doing so, it rejected mother's characterization of the purported errors as clerical errors subject to correction by an order *nunc pro tunc*. It entered a written order the same day memorializing its denial of mother's motion.

On September 28, 2018, mother moved the trial court to suspend and reconsider its September 24, 2018 order. In it, mother again asserted that the underlying child support order was replete with clerical errors. On October 23, 2018, father filed a motion for a rule to show cause regarding mother's persistent filing of motions to reconsider.

On November 9, 2018, the trial court denied the motion for reconsideration from the bench because "the issues [were] . . . too similar to what ha[d] been previously decided by the court." It continued consideration of the motion for attorney's fees for another hearing. No written order was entered at that time.

On April 26, 2019, the trial court issued an opinion letter ordering mother to pay father $6,500 in attorney's fees related to her repeated motions to reconsider.[1]  A subsequent written order memorializing its ruling on attorney's fees and its denial of mother's September 28, 2018 motion to reconsider was entered on May 1, 2019.

On May 22, 2019, mother moved the court to reconsider its April 26, 2019 letter opinion and corresponding May 1, 2019 order, as well as the underlying child support order.  Mother contended that there was no underlying motion formally requesting sanctions and that she was "disproportionately punished" by the trial court's ruling.  Mother also re-asserted her previous arguments regarding purported errors in the underlying child support order.

On December 4, 2019, the trial court entered an order—at the parties' request—clarifying that all of mother's motions to reconsider filed prior to September 27, 2018 had been denied.  On December 27, 2019, mother filed extensive "objections and exceptions" to that order, all of which contended that the trial court erred in its underlying child support determination.  Mother then appealed that ruling to this Court.  Mother's appeal of that determination to this Court was dismissed on July 16, 2020, for failure to file a timely opening brief.  Mother appealed that decision to the Supreme Court, which, to date, has not ruled on mother's petition for appeal.  See Qureshi v. Mahmood, No. 201138 (Va. filed Sept. 17, 2020).

In the meantime, the May 22, 2019 motion to reconsider was addressed at a hearing held on December 9, 2019.  The trial court determined that no oral argument was necessary and that it would rule based on the briefs submitted, stating:

> I am not granting oral argument on the motion for reconsideration, and the Court does want to address it.  I anticipate addressing it in writing.

---

[1] These fees were partially offset because father was ordered to pay mother $1,200 in attorney's fees related to other actions for which he was found in contempt.

> Since the court intends to do that, this matter is not ended until the Court addresses the motion for reconsideration, because there's no way to end this matter while this motion is pending.

On March 31, 2020, the trial court entered an order denying mother's May 22, 2019 motion to reconsider. The trial court did not invoke Rule 1:1 or examine its jurisdiction to consider mother's motion. However, it found that each of mother's arguments had already been heard and rejected or were waived by failing to make them during the child support hearing when mother had the opportunity.

This appeal followed.

## II. ANALYSIS

Mother claims that the trial court erred in formulating the underlying April 27, 2018 child support award (assignments of error #2-10, 18-19); ordering her to pay attorney's fees (assignments of error #13-17); denying her motions to reconsider that were filed before September 27, 2018 (assignment of error #1); and denying her May 22, 2019 motion to reconsider (assignments of error #10-12, 15, and 20). Both the underlying child support order and order requiring her to pay attorney's fees became final orders twenty-one days after their entry. Mother did not timely appeal either order. Furthermore, once those orders became final, the trial court lost jurisdiction to entertain mother's motions to reconsider them. Lastly, none of mother's motions to reconsider properly invoked Code § 8.01-428's exception to Rule 1:1.

### A. Rule 1:1

In assignments of error 1, 10, 11, 12, and 15, mother argues that the trial court erred in denying her motions to reconsider. This Court agrees that the trial court erred, but only in so far as it denied the motions on their merits rather than dismissing them for lack of subject matter jurisdiction.

Jurisdiction is a word of many meanings. It is often "used to refer generally to a court's authority and ability to exercise control over a case." Smith v. Commonwealth, 281 Va. 464, 467 (2011). Jurisdiction, however, is an umbrella term, which incorporates several distinct legal concepts. To possess the authority and ability to exercise control over a case, a court must have both potential and active jurisdiction.

Potential jurisdiction equates to subject matter jurisdiction, or the "authority vested in a court by constitution or statute to adjudicate certain categories of disputes." Id. Any action taken by a court without subject matter jurisdiction is void *ab initio*. Therefore, "the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*." Porter v. Commonwealth, 276 Va. 203, 228 (2008) (quoting Morrison v. Bestler, 239 Va. 166, 170 (1990)).

Active jurisdiction is required to empower a court to hear the merits of a particular case that is within the scope of its subject matter jurisdiction. Whitt v. Commonwealth, 61 Va. App. 637, 649-50 (2013). Active jurisdiction requires potential jurisdiction, plus: (1) territorial jurisdiction; (2) personal jurisdiction; and (3) any other "conditions of fact . . . which are demanded by the unwritten or statut[ory] law as the prerequisites of the authority of the court to proceed to judgment or decree." Morrison, 239 Va. at 169 (quoting Farant Invest. Corp. v. Francis, 138 Va. 417, 427-28 (1924)). Defects in these jurisdictional elements, however, render court action voidable, not void *ab initio*. Therefore, such defects "generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal." Porter, 276 Va. at 229 (quoting Morrison, 239 Va. at 170).

Rule 1:1 provides, in pertinent part, that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

After the expiration of this twenty-one-day period, a trial court loses subject matter jurisdiction over the case. Dixon v. Pugh, 244 Va. 539, 543 (1992). Therefore, any order entered after that twenty-one-day period is void *ab initio*.[2] Id.; accord School Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556 (1989); Virginia Dep't of Corrections v. Crowley, 277 Va. 254, 260-61 (1984).

Here, the trial court entered a final order regarding child support on April 27, 2018.[3] A final order denying mother's September 28, 2018 motion to reconsider and ordering her to pay attorney's fees to father was entered on May 1, 2019.[4] The trial court's orders did not purport to reserve jurisdiction in either matter, and no subsequent order was entered suspending or vacating

---

[2] Although the Supreme Court has repeatedly referred to Rule 1:1 as removing the subject matter jurisdiction of the court, the expiration of the twenty-one-day window in a particular case does nothing to impact a court's authority to "adjudicate certain categories of disputes." Smith, 281 Va. at 467. This Court has not had occasion to resolve this apparent conflict, but this Court has, in dicta, noted the issue. Compare Smith v. Commonwealth, 56 Va. App. 351, 360 n.7 (2010) (arguing in dicta that Rule 1:1 is a "mandatory claims-processing rule" because it "does not limit a court's 'jurisdiction,' but rather limits the *power* of a court, which already has jurisdiction, to modify its final order more than 21 days after its entry"), with Smith, 56 Va. App. at 374 (Petty, J., dissenting) (arguing in dicta that Rule 1:1 must be "jurisdictional" without specifying whether it impacted potential or active jurisdiction).

Because Rule 1:1 does not remove the authority of a court to adjudicate certain categories of cases, it may be better understood as a rule that eliminates a court's *active* jurisdiction after the expiration of the twenty-one-day period. Indeed, other Rules of the Supreme Court of Virginia are routinely viewed through the lens of active jurisdiction. See, e.g., Smith, 281 Va. 464 (holding that a violation of Rule 5A:8's requirement to timely file a transcript does not deprive this Court of active jurisdiction); Jay v. Commonwealth, 275 Va. 510 (2008) (holding that noncompliance with the requirements of Rule 5A:20(e) does not deprive this Court of active jurisdiction). However, locating Rule 1:1 within the category of active jurisdiction would imply that orders in violation of Rule 1:1 would be voidable, not void *ab initio*, and precedent has held otherwise. Dixon, 244 Va. at 543.

[3] Because they are matters of continuing jurisdiction, support awards in domestic relations cases are not the stereotypical final judgment. Nonetheless, they are final orders for the purpose of Rule 1:1. See Dixon, 244 Va. at 541-43.

[4] Orders regarding an award of attorney's fees are ancillary to the cause of action within which they arose. See James ex rel. Duncan v. James, 263 Va. 474, 484 (2002). Because father's show case was filed ancillary to mother's September 28, 2018 motion to reconsider, the May 1, 2019 court order resolved both issues with finality.

- 7 -

the judgment.[5]  Therefore, the trial court lost subject matter jurisdiction over both orders twenty-one days after their entry.  As a result, the trial court had no subject matter jurisdiction to even entertain mother's repeated motions to reconsider and its orders denying mother's motions on their merits were void *ab initio*.  Accordingly, this Court also lacks subject matter jurisdiction. See Johnson v. Johnson, 72 Va. App. 771, 780-81 (2021).

### B.  Rule 5A:6

In assignments of error 2-10, 18, and 19, mother contends that the trial court erred in determining the proper amount of child support.  Because mother did not timely appeal that judgment, this Court dismisses those assignments of error.

No appeal shall be allowed unless the appealing party files a notice of appeal within thirty days after the entry of final judgment.  Rule 5A:6.  The failure to file a timely notice of appeal is fatal and deprives this Court of jurisdiction.  Super Fresh Food Markets of Va., Inc. v. Ruffin, 263 Va. 555, 563 (2002).

Here, the child support order was entered on April 27, 2018.  The time to challenge the merits of that order on appeal has long passed.  Therefore, this Court dismisses those assignments of error for lack of jurisdiction.

---

[5] Mother filed a motion to reconsider the trial court's May 1, 2019 order on May 22, 2019.  However, "[n]either the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1." Davis v. Mullins, 251 Va. 141, 148 (1996) (quoting School Bd. of City of Lynchburg, 237 Va. at 556).

C.  Code § 8.01-428(B) does not apply

In assignment of error 20, mother contends that Rule 1:1 is "inapplicable" and that the trial court erred in not correcting "mathematical errors and obvious errors on the record."  This Court disagrees.

As explained above, Rule 1:1 applies to the underlying child support order.  Code § 8.01-428(B) and the inherent authority of trial courts, however, provides a limited exception to Rule 1:1 for correcting clerical errors via *nunc pro tunc* orders.  Davis v. Mullins, 251 Va. 141, 149 (1996).  Courts may correct, at any time, "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission."  Code § 8.01-428(B).  Clerical errors are those errors "which are demonstrably contradicted by all other documents."  Zhou v. Zhou, 38 Va. App. 126, 133 (2002).  These errors may include unintended drafting errors, typographical mistakes, misstatements on the record, or the failure to prepare an order.  Id. (collecting cases).

Mother does not assert any such clerical errors.  Mother argues that the trial court erred in calculating her income by excluding some of her proffered business expenses, such as: "expenses for utilities, moving expenses, car expense, computer repair and maintenance costs, professional memberships, . . . home office expenses, and magazine subscriptions."  The trial court's rejection of mother's claimed business expenses was not a clerical error.  The trial court ruled on the merits by rejecting those expenses.  Therefore, the provisions of Code § 8.01-428(B) provide no assistance to mother's belated attempt to appeal a support order entered nearly three years ago.

III.  APPELLATE ATTORNEY'S FEES

Both parties requested that this Court award appellate attorney's fees.  On appeal, this Court "may award" some or all of the fees requested or "remand the issue to the circuit court . . .

for a determination thereof." Rule 5A:30(b)(1)-(2). "In determining whether to make such an award, [this Court] shall not be limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but shall consider all the equities of the case." Rule 5A:30(b)(3).

An award of attorney's fees is appropriate in this matter. Mother's appeal lacks any merit. In her belated efforts to overturn a final child support order which is now three years old, mother has filed four nearly identical motions to reconsider and two separate appeals. None of those filings had any foundation in the law. Nonetheless, mother persisted. As a result, father has been forced to repeatedly incur substantial attorney's fees. Therefore, this Court grants father's request for appellate attorney's fees and orders mother to pay father the sum of $1,979.17 representing father's reasonable attorney's fees incurred during this appeal.[6]

## IV. CONCLUSION

The trial court lacked subject matter jurisdiction to adjudicate mother's motions to reconsider on their merits. Furthermore, to the extent that mother challenges the underlying orders, she failed to file a timely notice of appeal. Therefore, this Court lacks jurisdiction to reach the merits of mother's appeal. Accordingly, this Court dismisses mother's appeal.

Dismissed

---

[6] To the extent that father seeks reimbursement for taxable costs, they must be requested in accordance with Rule 5A:30(d).